IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ERIC DWAYNE WILLIAMS**, <br><br> Defendant. | Case No. 7:22-CR-19 (HL) |

### ORDER

The Government filed an Information on May 4, 2022, charging Defendant Eric Dwayne Williams with a single count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 1). Defendant appeared before the Court on May 19, 2022, for an initial appearance. Defendant waived indictment and entered a plea of guilty pursuant to a written plea agreement. (Docs. 4, 5). At the conclusion of the hearing, Defendant requested to be released on bond pending sentencing. The Government did not object to a bond. After considering the Pretrial Services Report prepared by the United States Probation Office, however, the Court denied bond and remanded Defendant to the custody of the United States Marshal Service. Now before the Court is Defendant's Unopposed Motion for Reconsideration to Release Defendant on Bond Pending Sentencing. (Doc. 7). The Court **DENIES** Defendant's motion.

Pursuant to 18 U.S.C. § 3143(a), the district court "shall order" the detention of "a person who has been found guilty of an offense and who is

awaiting imposition or execution of a sentence," unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of" another person or the community. 18 U.S.C. § 3143(a)(1). Only upon such a finding may the court order the defendant released. Id.

The Court finds there is clear and convincing evidence that no condition or combination of conditions can reasonably ensure the safety of the community should Defendant be released from custody. The Court bases this decision on a number of factors, including (1) Defendant's extensive criminal history, including prior arrests and convictions for conduct involving violence, weapons, and illegal drugs; (2) the nature and circumstances of the instant offense; (3) Defendant's prior violations while under supervision; (4) Defendant's admission to substance abuse; (5) Defendant's prior conviction in this Court for possession of a firearm by a convicted felon, United States v. Williams, No. 7:09-CR-19 (WLS) (sentenced on October 28, 2010 to serve 82 months imprisonment); (6) Defendant's lack of employment.

Defendant asserts that he does not pose a flight risk or a danger to the community, in part, because he has been out on bond for the parallel state court charges for the past eighteen months without incident. He also points out that he voluntarily appeared before the Court to enter a guilty plea on May 19, 2022, and that prior to April 2022 he operated two businesses. While Defendant has presented some evidence suggesting that he is not likely to flee the Court's

2

jurisdiction, Defendant asks the Court to ignore his criminal history and the potential continuing threat he poses to the community. The Court therefore finds that the evidence before the Court is not sufficient to overcome the statutory presumption against Defendant's release.

Defendant argues under 18 U.S.C. § 3145(c) that exceptional circumstances warrant his release. See United States v. Meister, 744 F.3d 1236, 1237 (11th Cir. 2013) (holding that a district court has jurisdiction to grant a defendant release pending sentencing pursuant to 18 U.S.C. § 3145(c)). Section 3145(c) provides that if a defendant is subject to detention under § 3142(a)(2) but otherwise meets the conditions for release under § 3143(a)(1), then the district court may order the defendant released "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3145(c) does not apply in this case for two reasons. First, Defendant is not subject to mandatory detention as outlined in 18 U.S.C. § 3142(f)(1)(A), (B), or (C). Second, the Court has found that Defendant does not meet the conditions for release under § 3143(a)(1). Accordingly, the Court need not consider any of the exceptional reasons outlined by Defendant.

Defendant's Unopposed Motion for Reconsideration to Release Defendant on Bond Pending Sentencing (Doc. 7) is **DENIED**. Defendant shall remain in the custody of the United States Marshal Service until the imposition of his sentence.

**SO ORDERED** this 1st day of June, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks