**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA  DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CR-19 (WLS-ALS -1) |
| | : | |
| ERIC DWAYNE WILLIAMS., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

On May 28, 2025, the Court held a hearing on the United States Probation Office's Petition (Doc. 23) to revoke Defendant Eric Dwayne Willams's supervised release. This Order memorializes that hearing. Previously, Defendant pleaded guilty to one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

The Petition alleges four violations of Defendant's supervised release. But the Government withdrew alleged violations one and three. This left two remaining violations: two and four.

At the hearing, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition and the Revocation Report (Doc. 51) and reviewed them. Defendant stated that he had spoken to Counsel and wished to stipulate to the remaining alleged violations. The Court also found that Defendant's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Defendant stipulated to violations two and four of the Petition—the only remaining violations—the Court found that the violations in the Petition had been established by a preponderance of the evidence. The Court then declared Defendant's

supervised release revoked.[1] Once the violations had been established, the Court heard from the Government and Defense Counsel; and Defendant himself. Neither Defendant nor the Government objected to the Revocation Report.

The Court determined Defendant's U.S. Sentencing Guidelines range to be 8 to 12 months based on a Grade B violation, a criminal history category of III, and applicable statutory restrictions. Considering the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to time served. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct and to protect the public. No term of supervised release is to follow the term of imprisonment. Even so, Defendant is not released from the restitution obligations imposed by the original Judgment (Doc. 16). This restitution is reimposed as ordered in the original Judgment.

For these reasons, the Petition (Doc. 23) is **GRANTED**, and Defendant's supervised release is **REVOKED**. Defendant is sentenced to time served. No term of supervised release is to follow the term of imprisonment.

**SO ORDERED**, this 30th day of May 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).